# PROVIDENCE COUNTY.

### CORNELIUS J. SWEETLAND *vs.* QUIDNICK COMPANY.

The charter of a corporation providing that " no stockholder in said corporation shall have the right to transfer his shares therein, without first giving ten days' notice in writing of such intention, and ten days' refusal thereof to said corporation, at the lowest price at which he will sell to any other person ; and if in such case said corporation elect to purchase said shares at said lowest price, such stockholder shall, on the price being offered to him, convey said shares to said corporation : " —

A stockholder offered to the corporation a certain number of shares at a gross price, and subsequently sold to a third party a smaller number of shares at a given price per share : —

*Held,* that the offer to the corporation did not comply with the provisions of the charter, and that the corporation could not be compelled to transfer upon its books the stock sold.

BILL IN EQUITY to compel the transfer of certain corporate stock.

The complainant purchased of Hiram B. Aylsworth, administrator of the estate of Emanuel Rice, six shares of the capital stock of the respondent corporation. The transfer of this stock was refused by the respondent.

To the bill the respondent pleaded that section 3 of its act of incorporation provides, among other things, that " no stockholder in said corporation shall have the right to transfer his shares therein, without first giving ten days' notice in writing of such intention, and ten days' refusal thereof to said corporation, at the lowest price at which he will sell to any other person ; and if in such case said corporation elect to purchase said shares at said lowest price, such stockholder shall, on the price being offered to him, convey said shares to said corporation ; " and averred that the only notice in writing and refusal ever given to said Quidnick Company by said Hiram B. Aylsworth, administrator, was in the terms and figures following, viz. : —

" PROVIDENCE, *December* 31, 1874.

" Z. CHAFEE, Esq., *Treasurer Quidnick Co. :*

" Dear Sir, — In accordance with the requirements of section

(3) three of the charter of the Quidnick Co. I offer you the (162) one hundred and sixty-two shares of the capital stock of said company now standing in the name of the heirs of the Emanuel Rice estate (the late Thomas A. Whitman, executor), for the sum of sixty thousand five hundred and eighty-eight dollars, payment to be made for the same as follows: Thirty thousand two hundred ninety-four dollars in cash, and thirty thousand two hundred ninety-four dollars in the A. & W. Sprague Manufacturing Co. notes, indorsed by A. & W. Sprague, dated Providence, November 1, 1873, payable three years from January 1, 1874, secured by mortgage, interest payable semiannually at 7 3-10 per annum.

    " (Signed)           HIRAM B. AYLSWORTH,

    " Administrator with will annexed Emanuel Rice estate.

" This notice releases the Rice estate from charter obligations, January 21, 1875."

And the case came before the court on the sufficiency of this plea.

*March* 31, 1876. DURFEE, C. J. The shares should not have been sold to the complainant until the opportunity was first offered the respondent to buy them at the same or a less price. The complainant claims that this opportunity was offered. We think it was not. The offer to the respondent was an offer of 162 shares for $60,588. The respondent could not have accepted the offer unless it was prepared to buy 162 shares at the price named. But the complainant has bought six shares at $374 per share. He has done what the respondent could not do under the offer made to it. The offer under which he bought was an offer to sell the shares in lots of not less than five. If this offer had been made to the respondent, it may be that it would have bought a part of the shares. The shares cannot be said to have been offered to the respondent at the price at which they were sold to the complainant, unless they were so offered that the respondent could have bought them without paying any more than the complainant paid. This was not done; for the only price named in the offer was $60,588, and the respondent could not have bought the six shares under the offer with-

out paying that price, though by paying that price it could have gotten the six shares and 156 shares besides.

*Plea sustained.*

*B. N. & S. S. Lapham*, for complainant.

*Charles Hart, Benjamin F. Thurston, James Tillinghast & J. A. Gardner*, for respondent.

NOTE. — MATTESON, J., did not sit with the court when the above case was heard.